Filed 8/19/25; modified and certified for publication 8/19/25 (orders attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DAVID BYRNE et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>LESLIE RULE et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B332962<br>(Cons. w/B335099)<br>(Super. Ct. No.<br>2023CUMC008352)<br>(Ventura County)<br><br>ORDER DENYING PETITION FOR REHEARING AND MODIFYING OPINION<br>(No Change in Judgment) |

THE COURT:

It is ordered that the opinion filed herein on July 23, 2025, be modified as follows:

On page 12, under DISPOSITION, the third sentence is modified to read "We express no opinion on the merits of the first amended complaint or the respondents' defenses thereto."

There is no change in judgment.

Respondents' Petition for Rehearing is denied.

GILBERT, P.J.          BALTODANO,  J.          CODY, J.

Filed 7/23/25  (unmodified opinion)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DAVID BYRNE et al., | 2d Civil No. B332962 |
| Plaintiffs and Appellants, | (Cons. w/B335099) |
| | (Super. Ct. No. |
| v. | 2023CUMC008352) |
| | (Ventura County) |
| LESLIE RULE et al., | |
| Defendants and Respondents. | |

Appellants are seven residents of the City of Ojai and its environs.[1]  They sued respondent Leslie Rule, a member of the Ojai city council, and her attorney, respondent Jonathan Drucker, for declaratory and injunctive relief after respondents disclosed information Rule acquired in a closed session meeting of

---

[1] Plaintiffs and appellants are: David Byrne; Vickie Carlton-Byrne; Thomas D. Mashburn; Douglas LaBarre; Joel Maharry; Gerald Schwanke; and Leslie Ferraro.

the council.  Appellants alleged the disclosures violated the Brown Act's confidentiality provisions.  (Gov. Code,[2] § 54963.)

Respondents moved to strike appellants' first amended complaint as a politically motivated "SLAPP" suit.  (Code Civ. Proc., § 425.16.)  Appellants opposed the motion, arguing their suit fell within the exception for actions "brought solely in the public interest or on behalf of the general public."  (*Id.*, § 425.17, subd. (b).)  The trial court found appellants failed to meet their burden of establishing the public interest exception applied and granted the motion to strike.  It awarded respondents attorney's fees and costs, finding appellants' action did not fall within the statute barring fees and costs in Brown Act enforcement actions.  (*Id.*, § 425.17, subd. (c)(2); Gov. Code, § 54960.)

We will vacate the order granting the anti-SLAPP motion.  Appellants' allegations and the relief they seek places their action within the public interest exception regardless of their political motivations.  We will also vacate the order awarding attorney's fees and costs to respondents.

FACTUAL AND PROCEDURAL HISTORY

As we explain below, our review is de novo.  We draw our factual summary from appellants' first amended complaint.

*Allegations*

The Ojai city council approved a development agreement with The Becker Group, Inc. and affiliated entities (Becker) in October of 2022.  The agreement granted Becker entitlements to develop four different projects within the city.

City council elections were held in November of 2022.  Four of the five seats were contested.  Voters reelected Betsy Stix as

---

[2] All further references are to the Government Code unless otherwise indicated.

mayor and elected three new members to the council: Rachel Lang, Andrew Whitman, and respondent Leslie Rule.

A nonprofit organization called Simply Ojai filed a petition for writ of mandate in December of 2022 challenging the agreement with Becker Group (*Simply Ojai* action). It named the City of Ojai and the council as respondents and Becker as real party in interest.[3] A petition seeking a referendum to overturn the agreement was presented to the city with the required signatures.

The council issued notices and agenda for closed sessions on January 9, 2023, and January 10, 2023. The agendas listed "Conference with Legal Counsel; Existing Litigation" as a discussion item and identified the *Simply Ojai* action by name. The agendas listed "Conference with Legal Counsel; Initiating Litigation" as another discussion item. The city council then held closed sessions on those dates. The city attorney and all five members attended.

The council held a regularly scheduled meeting on January 24, 2023. Rule disseminated a written statement to members of the public that included "an extensive and detailed discussion of confidential and privileged information she obtained" from the closed sessions on January 9 and 10. She "began verbally disclosing confidential closed session information" during the meeting. The city attorney directed her to stop but she refused. Rule then moved to allow disclosure but none of her colleagues seconded the motion.

---

[3] *Simply Ojai v. City of Ojai, et al.* (Super. Ct. Ventura County, 2022, No. 2022CUWM00572740). Ojai Bungalows, L.P. and Green Hawk, LLC were also named as real parties in interest.

3

Respondent Drucker, an attorney, attended the January 24 meeting as well. He gave members of the public a 12-page letter he wrote on behalf of Rule entitled, "City Council Closed Sessions and the Duty of Disclosure." The letter included "an extensive and detailed discussion of confidential and privileged information obtained by [Rule]" on January 9 and 10. Drucker then discussed the letter's contents during the public comment period. He wrote a second letter on January 27 containing the same information. Both were posted on a website called "Transparent Ojai," published in the Ojai Valley News newspaper, and circulated on social media.

Drucker attended the council's regular meeting on April 25, 2023. He admitted during public comment that he had disclosed confidential closed session communications. Rule again moved unsuccessfully to waive closed session confidentiality.

*Brown Act Complaint and Anti-SLAPP Motion*

Appellants filed this action three days after the April 25 regular meeting. They sought a declaration that respondents violated section 54963 of the Brown Act when they disclosed information acquired by Rule in closed session. Appellants also sought an order enjoining further disclosures.

Respondents moved to strike the first amended complaint under the anti-SLAPP statute. (Code Civ. Proc., § 425.16.) They submitted declarations describing the seven plaintiffs (i.e., appellants) and their counsel as politically aligned with those opposing the Becker developments. In response, appellants argued their action fell within the statute's public interest exception, which applies to actions "brought solely in the public interest or on behalf of the general public." (*Id.*, § 425.17, subd. (b).) The trial court found appellants did not meet their burden

4

to establish the exception applied and granted the motion to strike.

*Attorney's Fees Motion*

Respondents moved for attorney's fees under the fee-shifting provision of the anti-SLAPP statute. (Code Civ. Proc., § 425.16, subd. (c).) Appellants opposed the motion on the grounds that subdivision (c) excluded actions brought under section 54960 of the Brown Act. The trial court granted the motion, finding the Brown Act exception did not apply because appellants sought relief only under section 54963, not section 54960. It awarded respondents attorney's fees of $78,885.00.

DISCUSSION

*Closed Sessions Under the Brown Act*

The Brown Act requires the legislative body of any city, county, or other local agency to meet and conduct its business in public. (§ 54953, subd. (a).) The body may meet in closed session only if one or more exceptions apply. (§ 54962.) Among the exceptions are meetings "to confer with, or receive advice from, its legal counsel regarding pending litigation when discussion in open session concerning those matters would prejudice the position of the local agency in the litigation." (§ 54956.9, subd. (a).) The agency must post an agenda 72 hours before any regular meeting. (§ 54954.2, subd. (a)(1).) The agenda must contain "a brief general description of each item of business to be transacted or discussed at the meeting, including items to be discussed in closed session." (*Ibid.*)

The Brown Act defines litigation as "any adjudicatory proceeding, including eminent domain, before a court, administrative body exercising its adjudicatory authority, hearing officer, or arbitrator." (§ 54956.9, subd. (c).) Litigation is considered "pending" when: litigation "has been initiated

5

formally" against the agency; "there is significant exposure to litigation"; the agency "is meeting only to decide whether a closed session is authorized"; or when the agency "has decided to initiate or is deciding whether to initiate litigation." (*Id.*, subd. (d).) The legislative body must "state on the agenda or publicly announce the paragraph of subdivision (d) that authorizes the closed session" before holding it. (*Id.*, subd. (g); § 54957.7.)

"A person may not disclose confidential information that has been acquired by being present in a closed session . . . to a person not entitled to receive it, unless the legislative body authorizes disclosure of that confidential information." (§ 54963, subd. (a).) "'[C]onfidential information' means a communication made in a closed session that is specifically related to the basis for the legislative body of a local agency to meet lawfully in closed session under this chapter." (*Id.*, subd. (b).) Violations of section 54963 "may be addressed by the use of such remedies as are currently available by law, including, but not limited to . . . [i]njunctive relief to prevent the disclosure of confidential information." (*Id.*, subd. (c)(1); see § 54960, subd. (a) ["[A]ny interested person may commence an action . . . for the purpose of stopping or preventing violations . . . of this chapter"].)

*Public Interest Exception to Anti-SLAPP Statute*

Appellants' first amended complaint sought to enjoin respondents from disclosing confidential information in violation of section 54963. They contend their action falls within the public interest exception to the anti-SLAPP law. We agree.

"Code of Civil Procedure, section 425.16 provides a procedure for the early dismissal of what are commonly known as SLAPP suits (strategic lawsuits against public participation)— litigation of a harassing nature, brought to challenge the exercise of protected free speech rights. The section is thus informally

6

labeled the anti-SLAPP statute." (*Fahlen v. Sutter Central Valley Hospitals* (2014) 58 Cal.4th 655, 665, fn. 3.) "In 2003, the Legislature enacted section 425.17 to curb the 'disturbing abuse' of the anti-SLAPP statute. [Citation.] This exception statute covers both public interest lawsuits . . . and 'commercial speech.'" (*Club Members for an Honest Election v. Sierra Club* (2008) 45 Cal.4th 309, 316 (*Sierra Club*), quoting Code Civ. Proc., § 425.17, subds. (a)-(c).) We review whether appellants' action falls within the exception de novo. (*Tourgeman v. Nelson & Kennard* (2014) 222 Cal.App.4th 1447, 1458 (*Tourgeman*).)

The public interest exception is codified at Code of Civil Procedure section 425.17, subdivision (b). It applies "to any action brought solely in the public interest or on behalf of the general public if all of the following conditions exist: [¶] (1) The plaintiff does not seek any relief greater than or different from the relief sought for the general public or a class of which the plaintiff is a member. . . . [¶] (2) The action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons. [¶] (3) Private enforcement is necessary and places a disproportionate financial burden on the plaintiff in relation to the plaintiff's stake in the matter." (*Id.*, § 425.17, subd. (b).) "[B]ecause section 425.17(b) is a statutory exception to section 425.16, it should be narrowly construed." (*Sierra Club, supra*, 45 Cal.4th at p. 316.) "We look to the allegations of the complaint and the scope of relief sought in order to determine whether the public interest exception applies." (*Cruz v. City of Culver City* (2016) 2 Cal.App.5th 239, 249.)

We first look to whether appellants "seek any relief greater than or different from the relief sought for the general public."

7

(Code Civ. Proc., § 425.17, subd. (b)(1).) The first amended complaint contains a single cause of action against respondents for violating section 54963. Appellants seek two types of relief: (1) a declaration that respondents violated the statute "by disclosing confidential communications obtained from closed sessions of the Ojai City Council"; and (2) an injunction prohibiting such disclosures going forward, as well as orders directing respondents "to identify each person with whom [they] shared confidential communications." They seek no relief or advantage for themselves that is different than that sought for the public at large. (See *Sierra Club*, *supra*, 45 Cal.4th at p. 317 [public interest exception did not apply to action seeking to install plaintiffs on board of directors of non-profit organization].) The first amended complaint focuses solely and entirely on enforcing the Brown Act's closed session requirements. (See *Tourgeman*, *supra*, 222 Cal.App.4th at p. 1461 [exception applied to action seeking to prevent respondents from violating Fair Debt Collection Practices Act (FDCPA) in the future].) The relief appellants seek—not their motivation to seek that relief—is the extent of the court's inquiry here.

We next look to whether "[t]he action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons." (Code Civ. Proc., § 425.17, subd. (b)(2).) It would. "A city council needs freedom to confer with its lawyers confidentially in order to obtain adequate advice, just as does a private citizen who seeks legal counsel, even though the scope of confidential meetings is limited by this state's public meeting requirements." (*Roberts v. City of Palmdale* (1993) 5 Cal.4th 363, 380 (*Roberts*).) "The public interest is served by the privilege because it permits local

8

government agencies to seek advice that may prevent the agency from becoming embroiled in litigation, and it may permit the agency to avoid unnecessary controversy with various members of the public." (*Id.* at pp. 380-381.)

The first amended complaint alleges respondents disseminated privileged and confidential information obtained by Rule during closed sessions. This included oral statements she and Drucker made during open sessions and written remarks distributed to the public both physically and over the internet. If successful, appellants' action will allow the court to discern whether respondents violated section 54963, and if so, to craft injunctive relief that will guide the parties (and public) at this troublesome intersection of two important policies. "Open government is a constructive value in our democratic society. [Citations.] The attorney-client privilege, however, also has a strong basis in public policy and the administration of justice." (*Roberts*, *supra*, 5 Cal.4th at p. 380.)

Lastly, we look to whether "[p]rivate enforcement is necessary and places a disproportionate financial burden on the plaintiff in relation to the plaintiff's stake in the matter." (Code Civ. Proc., § 425.17, subd. (b)(3).) Our Legislature expressly authorized "[t]he District Attorney or any interested person" to "commence an action by mandamus, injunction, or declaratory relief for the purpose of stopping or preventing violations or threatened violations of [the Brown Act] by members of the legislative body of a local agency or to determine the applicability of this chapter to ongoing actions or threatened future actions of the legislative body, or to determine the applicability of this chapter to past actions of the legislative body." (§ 54960, subd. (a).) While the District Attorney wrote a cease-and-desist letter to the council after this action was filed concerning alleged

9

violations of section 54963, it did not "commence an action" to enforce the statute. Appellant's private enforcement action is thus consistent with the aims of both section 54960 and the public interest exception. (See *Tourgeman, supra,* 222 Cal.App.4th at p. 1464 [action seeking only injunctive and declaratory relief relating to respondents' debt collection practices was "fully consistent both with Congress's intent in enacting FDCPA and the Legislature's intent in enacting the UCL and section 425.17"].)

The trial court did not analyze these three conditions when it declined to apply the exception. It first cited *Sandlin v. McLaughlin* (2020) 50 Cal.App.5th 805, noting correctly that "[p]ersonal political agendas and motivations may make the [exception] inapplicable." "Given the nature of the case, the special interests of the parties, and the lack of supporting declarations submitted by [appellants]," the court found, "they have not met their burden of establishing that the narrowly construed exemption of [section 425.17, subdivision (b)] applies and this case was brought solely in the public interest." This was error.

Appellants bore the burden to establish the exception applied. They did not, however, bear the burden to produce *evidence* supporting this position. "[T]he public interest exception is a threshold issue based on the nature of the allegations and scope of relief sought in the prayer." (*People ex rel. Strathmann v. Acacia Research Corp.* (2012) 210 Cal.App.4th 487, 499; see *Cruz v. City of Culver City* (2016) 2 Cal.App.5th 239, 249 ["We look to the allegations of the complaint and the scope of relief sought in order to determine whether the [exception] applies"]; accord, *Tourgeman, supra,* 222 Cal.App.4th at p. 1460.) The trial court appears to have conflated appellants' burden to establish

10

the exception with their burden to prove the likelihood of prevailing on their claims, or, more specifically, to produce evidence rebutting the motion's declarations and exhibits.

Our Supreme Court has made clear that determining whether the exception applies is a "threshold," pleading-based determination—not a contested evidentiary proceeding.  (See *Sierra Club*, *supra*, 45 Cal.4th at p. 316, italics added ["If a *complaint* satisfies the provisions of the applicable exception, it may not be attacked under the anti-SLAPP statute"].)  "If a plaintiff's lawsuit comes within section 425.17, subdivision (b), it is exempt from the anti-SLAPP statute, and thus, a trial court may deny the defendants' special motion to strike without determining whether the plaintiff's causes of action arise from protected activity, and if so, whether the plaintiff has established a probability of prevailing on those causes of action under section 425.16, subdivision (b)(1)."  (*Tourgeman*, *supra*, 222 Cal.App.4th at p. 1460.)

### *Attorney's Fees Award*

Having concluded the public interest exception applies, we reverse the order awarding attorney's fees to respondents.  We would reverse the award even if the exception did not apply.

"A defendant who prevails on a special motion to strike . . . shall not be entitled to attorney's fees and costs if that cause of action is brought pursuant to Section . . . 54960 . . . of the Government Code."  (Code Civ. Proc., § 425.16, subd. (c)(2).)  Section 54960, subdivision (a) states in pertinent part:  "The district attorney or any interested person may commence an action by mandamus, injunction, or declaratory relief for the purpose of stopping or preventing violations or threatened violations *of this chapter*."  (§ 54960, subd. (a), italics added.)  "This chapter" refers to the Brown Act generally, which falls

11

entirely within Chapter 9 of Division 2, Part 1 of the Government Code. The first amended complaint seeks declaratory and injunctive relief related to alleged Brown Act violations—specifically, respondents' disclosing of confidential information acquired by Rule in closed session. (§ 54963.) The action falls within the exception. Even if appellants had cited the incorrect statute (they did not), the error could easily have been cured by amendment. (See *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 [the trial court abuses it discretion if there is a reasonable possibility appellant could cure the defect by amending the pleading to state a cause of action].)

DISPOSITION

Judgment is reversed. The matter is remanded to the trial court with directions to enter an order denying the special motion to strike and the motion for attorney's fees. We express no opinion on the merits of the first amended complaint. Appellants shall recover their costs on appeal.

CODY, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

12

Benjamin J. Coats, Judge
Superior Court County of Ventura
_____

Law Office of Brian Acree, Brian Acree; Law Office of Herb Fox, Herb Fox; and Venskus & Associates, Sabrina D. Venskus, for Plaintiffs and Appellants.

S.C. Johnson & Associates, Stephen C. Johnson; Law Office of Jon E. Drucker, Jon E. Drucker, for Defendants and Respondents.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DAVID BYRNE et al., <br><br>    Plaintiffs and Appellants, <br><br> v. <br><br> LESLIE RULE et al., <br><br>    Defendants and Respondents. | 2d Civil No. B332962 <br> (Cons. w/B335099) <br> (Super. Ct. No. <br> 2023CUMC008352) <br> (Ventura County) <br><br> ORDER CERTIFYING <br> OPINION FOR <br> PUBLICATION <br> (No Change in Judgment) |

THE COURT*:

    The opinion in the above-entitled matter filed on July 23, 2025, was not certified for publication in the Official Reports. For good cause, pursuant to California Rules of Court, rules 8.1105 and 8.1110, it now appears the opinion should be published in the Official Reports. It is so ordered.

    There is no change in the Judgment.

    CERTIFIED FOR PUBLICATION.

_____

GILBERT P.J.      BALTODANO, J.      CODY, J.